## ALLEN v. LAWSON.·

In the trial of a case for the eviction of a tenant holding over, where the sole defense consisted of a denial of the relation of landlord and tenant, it was not erroneous to exclude from evidence a deed from a third person to the defendant, conveying the land from which it was sought to evict him, which appeared to have been executed at a date prior to the time of the alleged creation of the relation of landlord and tenant, the plaintiff in his testimony admitting that the defendant had in fact owned the property prior to the creation of such relation.

Submitted March 3,—Decided May 11, 1906.

Eviction. Before Judge Parker. Wilcox superior court. January 15, 1905:

The plaintiff made an affidavit, under the provisions of §4813 of the Civil Code, seeking to evict the defendant as a tenant at sufferance from certain premises therein described. A warrant was issued under the provisions of §4814, and the defendant made an affidavit to the effect that he did not at the time hold the premises either by lease or rent, or at will or by sufferance, or otherwise, from the defendant or from any one under whom he claimed the premises, or from any one claiming the premises under him. On the trial of the issues thus raised, the defendant offered in evidence a deed, executed in 1882, from George Johnson to the defendant, purporting to convey the premises in dispute. The deed was excluded. The plaintiff testified, in substance, that prior to April, 1900, the defendant owned the property from which it was sought to evict him; that in April, 1900, the plaintiff became the purchaser of said property at mortgage sale, where it was sold as the property of the defendant; that ·immediately after the sale he had an understanding with the defendant by which the defendant was to remain on the premises as his tenant at sufferance; that the defendant, with the exception of about two months, did remain on said premises as the plaintiff's tenant at sufferance until the institution of this suit, acknowledging himself as such tenant and never denying the tenancy; that during that time the plaintiff caused substantial improvements to be made upon the dwelling-house where the defendant resided, and the defendant sought employment to do the work; that during the two months excepted, the defendant moved away to some other place, and the premises in dispute were in the meantime occupied by another tenant of the plain-

tiff. The defendant testified in his own behalf, and· made no express denial of the substance of the testimony of the plaintiff, just stated, further than to say that he never did hold the premises under the plaintiff, and never consented for him to buy 'at the mortgage sale. He admitted that the plaintiff had demanded possession before the institution of the suit; and that while he did not then intend to surrender possession, he did not communicate that fact to the plaintiff. The defendant testified also that he did not hold the place under the plaintiff, but held it under a title which came to him by virtue of the deed from Johnson, that being the deed which was excluded from evidence. The jury found for the plaintiff. The defendant moved for a new trial upon the grounds, that the verdict was contrary to law and evidence, and that the court erred in refusing to admit in evidence the deed from Johnson to himself. The motion was overruled, and he excepted.

*E. H. Williams* and *J. L. Bankston,* for plaintiff in error.

*Hal Lawson* and *Eldridge Cutts,* contra.

ATKINSON, J. Counsel for plaintiff in error, by his brief, abandons all grounds of error complained of in the bill of exceptions, except the one which relates to the ruling of the court in excluding from evidence the deed from Johnson to himself. Upon this ground he invokes the judgment of this court overruling the judgment of the court below. He insists that the deed which was excluded was admissible as tending to show the bona fides and the right by which he held possession. It appears from the record that the deed which was excluded was executed in 1882, before the· time at which it was contended by the plaintiff that the relation of landlord and tenant was created. It further appears from the plaintiff's testimony that he admits as a matter of fact that, before the time of the creation of said relation, the defendant was owner of the property. The reception of the deed in evidence could have accomplished no more than the plaintiff's admission just recited. There was really no issue between the plaintiff and the defendant as to the defendant's ownership at the time designated, and there was no necessity whatever for introducing the deed in evidence. The court properly rejected the same.

*Judgment affirmed. All the Justices concur.*